

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00875-CV

**IN THE MATTER OF S.O.W.**

From the 386th Judicial District Court, Bexar County, Texas
Trial Court No. 1994-JUV-2115
Honorable Paul Andrew Mireles, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  November 4, 2015

DISMISSED FOR WANT OF JURISDICTION

Appellant was a juvenile who was certified to be tried as an adult for capital murder. *See* TEX. FAM. CODE ANN. § 54.02 (West 2014).  Appellant was convicted of capital murder and sentenced to life imprisonment on November 12, 1996.  Appellant appealed his conviction and this court affirmed the trial court's judgment in an opinion issued on May 20, 1998.  *See Williams v. State*, 974 S.W.2d 324 (Tex. App.—San Antonio 1998, pet. ref'd), *cert. denied*, 528 U.S. 908 (1999).

On December 15, 2014, appellant filed a notice of appeal and motion to set aside the judgment seeking to challenge the juvenile court's transfer order signed on October 18, 1994, in which it waived its jurisdiction and transferred appellant to the criminal district court for prosecution as an adult. *See* TEX. FAM. CODE ANN. § 54.02 (establishing the procedures for waiver

of juvenile court jurisdiction and certification for trial as an adult).  Under the rules applicable to this case, a notice of appeal from the juvenile court's October 18, 1994 transfer order was due on November 17, 1994.  *See Moon v. State*, 451 S.W.3d 28, 39 (Tex. Crim. App. 2014) (noting that prior to January 1, 1996, an immediate appeal from a section 54.02 transfer order could be taken directly from the juvenile court to the court of appeals in the manner of civil cases, citing Acts 1973, 63d Leg., ch. 544, § 1 p. 1483, eff. Sept. 1, 1973, codified at TEX. FAM. CODE ANN. 56.01(a)–(c)); *see also* TEX. R. APP. P. 26.1 (requiring notice of appeal to be filed within thirty days after the order or judgment is signed).  In appellant's case, no immediate appeal was filed from the October 18, 1994 transfer order, and no issues were raised challenging the transfer order in the direct appeal from appellant's capital murder conviction.  Appellant's December 15, 2014 notice of appeal was filed twenty years after the deadline for filing the notice of appeal had expired.  *See* TEX. R. APP. P. 26.1.

Accordingly, on October 2, 2015, we ordered appellant to show cause within thirty days why this appeal should not be dismissed for want of jurisdiction.  Appellant timely responded and requested that we grant an extension of time for filing his notice of appeal.  However, the last day a motion for extension of time to file the notice of appeal could be filed was on December 2, 1994. *See* TEX. R. APP. P. 26.3 (providing a fifteen-day grace period after the deadline for filing notice of appeal).  Appellant filed his notice of appeal on December 15, 2014, well after the deadlines for filing the notice of appeal and motion for extension of time to file the notice of appeal had expired. *See* TEX. R. APP. P. 26.1, 26.3.  Once the period for granting a motion for extension of time under Rule 26.3 has passed, a party can no longer invoke the appellate court's jurisdiction. *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).  Thus, the fact that appellant's notice of appeal was filed late and after expiration of the period for requesting an extension deprives this court of

jurisdiction in this matter. *Id.* Therefore, the appeal must be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

PER CURIAM